By the Court.—Sbeir, J.
This is an appeal from *385 an order, made at the special term, requiring that' the receiver, Thomas J. Barr, pay over the money received by him in this action to the defendant Luche.
This court has already decided, both at the special and general terms, that this receiver should account to the defendant Luche, who alone was served, and appeared in this action,' for the sum paid by him to the receiver, with interest.
There are only two objections urged by the counsel for the appellant, on this appeal, against the order made below. One ■ is that the receiver should not be compelled to pay over the money in question to Luche because he now holds it, as receiver, in the case in the supreme court, of Dwyer v. O’Mahony, Belmont apd Luche.
It is hot necessary to inquire how, or by what proceedings the receiver got possession of the fund in this action. This court has decided that the order appointing Mr. Barr receiver was unauthorized and illegal, and was a trespass on the rights of property. He has now the possession of this fund thus acquired. Is the objection raised any sufficient reason why he should not pay it over ? I thinh not. At the time the order in the Dwyer suit, in the supreme court, was made, the funds were in the possession of Mr. Barr, as receiver in this court, in this action. This court, having jurisdiction of this fund, and over the officer holding it, could not be interfered with, in any manner, by any proceedings in any other action, brought in any other court. It had the sole disposition of the fund, and was bound, in the exercise of its judicial powers, to make administration thereof by-restoring it to the party from whom it' was taken, or by delivery to the party who, in the regular course of .litigation, in its own court, and in this action, should be adjudged to be entitled to it (Williams v. Benedict, 8 How. [ U. S.] 107).
Barr had given a bond for the performance of his *386 duty, and would be liable to an action if he disposed of the fund without the authority of the court from which he received his appointment,1 and to which he was accountable.
But assuming that the supreme court had the right to take possession of this fund, the proceedings had before it could have uo binding force on these defendants, Belmont and Lucke. The order there made was without notice to these defendants. Had such an order been made in this suit, it would be no answer to an application, by either of them, for a judicial determination of their rights as to their interest in this money.
Again, the order in the supreme court appointed Mr. Barr “the receiver of the said fund so lately deposited, or lately on deposit, in the hands of the said defendants, Belmont and Lucke, to the credit of the said defendant, John O’Mahony.” This court has decided “that the money paid to the receiver was the money of Belmont & Co., and came directly from their funds,” and that no such money as is claimed by the order was ever deposited with Belmont & Co. to the order of O’Mahony. It is, therefore, quite clear, from a cursory reading of the order entered in the Dwyer suit, that the fund sought to be transferred to the receiver thereby was not the same fund which came to his hands through Mr. Lucke. Even had the court, or the parties procuring the order, intended to reach these moneys, the fact still remains—their purpose was not accomplished.
The remaining question, whether the receiver should pay over to the defendant, or his attorneys, the sums specified in the order appealed from, or ■ should be entitled to the deductions claimed by his counsel, requires but little consideration. It has been already adjudged that it was the duty of the receiver to make ' restitution without deduction of any sum. He was not a stranger to the proceedings which culminated in the *387 transfer of these funds to him, or in the extraordinary proceedings which led to his appointment. In the words of the decision of Judge Vax Vorst, “The receiver has voluntarily placed himself in the position he now occupies.” He should not, therefore, complain of the legal consequences resulting from that position.
The order appealed from is affirmed, with costs.